01

02

03

04

05                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
06                                  AT SEATTLE

07   MARK D.,                              )
                                           )   CASE NO. C20-354-MAT
08           Plaintiff,                     )
                                           )
09      v.                                 )
                                           )   ORDER RE: SOCIAL SECURITY
10   ANDREW M. SAUL,                       )   DISABILITY APPEAL
     Commissioner of Social Security,      )
11                                         )
             Defendant.                    )
12   _____ )

13          Plaintiff proceeds through counsel in his appeal of a final decision of the

14   Commissioner of the Social Security Administration (Commissioner).  The Commissioner

15   denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before

16   an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the

17   administrative record (AR), and all memoranda of record, this matter is REVERSED and

18   REMANDED for further administrative proceedings.

19                       **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1969.[1]  He has a college degree as well as some

21   master's-level education, and was previously self-employed organizing seminars and

22   _____

            [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

     ORDER RE: SOCIAL SECURITY
     DISABILITY APPEAL
     PAGE -1

01  conferences.  (AR 290, 639, 823.)

02      Plaintiff applied for SSI in September 2016.  (AR 156-59.)  That application was

03  denied and Plaintiff timely requested a hearing.  (AR 205-09.)

04      In August 2018, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff and a

05  vocational  expert  (VE).   (AR 30-67.)   On February 20, 2019, the ALJ issued a decision

06  finding Plaintiff not disabled.  (AR 12-24.)  Plaintiff timely appealed.  The Appeals Council

07  denied  Plaintiff's  request  for  review  on  February 20, 2020 (AR 1-6), making the ALJ's

08  decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the

09  Commissioner to this Court.

10                          **JURISDICTION**

11      The  Court  has  jurisdiction  to  review  the  ALJ's  decision  pursuant  to  42  U.S.C. §

12  405(g).

13                          **DISCUSSION**

14      The  Commissioner  follows  a  five-step  sequential  evaluation  process  for  determining

15  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

16  must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had

17  not engaged in substantial gainful activity since the application date.  (AR 14.)  At step two, it

18  must be determined whether a claimant suffers from a severe impairment.  The ALJ found

19  severe Plaintiff's neurocognitive disorder, diabetes mellitus, and degenerative disc disease of

20  the lumbar spine.  (AR 15.)  Step three asks whether a claimant's impairments meet or equal a

21  listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the

22  criteria of a listed impairment. (AR 15-17.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -2

01    If a claimant's impairments do not meet or equal a listing, the Commissioner must

02 assess residual functional capacity (RFC) and determine at step four whether the claimant has

03 demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

04 performing medium work with additional limitations: he can lift/carry up to 50 pounds

05 occasionally and 25 pounds frequently.  He can stand/walk a total of about six hours and sit a

06 total of about six hours, in an eight-hour workday with normal breaks.  He can operate

07 hand/foot controls within the lift/carry restrictions. He can occasionally climb ramps and

08 stairs, and can frequently stoop. He cannot climb ladders, ropes, or scaffolds.  He must avoid

09 exposure to hazardous machinery or working at unprotected heights.  He can understand,

10 remember, and carry out simple instructions, and can make judgments commensurate with the

11 functions of unskilled work (*i.e.* work that needs little or no judgment to do simple duties and

12 a person can usually learn to do the job in 30 days, and little specific vocational preparation

13 and judgment are needed).  He can respond appropriately to supervision and co-workers, and

14 can deal with occasional changes in the work environment.  (AR 17.)

15    The ALJ found that Plaintiff had no past relevant work (AR 23), and therefore moved

16 on to step five, where burden shifts to the Commissioner to demonstrate that the claimant

17 retains the capacity to make an adjustment to work that exists in significant levels in the

18 national economy.   With the assistance of the VE, the ALJ found Plaintiff capable of

19 transitioning to representative occupations, such as mail room clerk, laundry sorter, telephone

20 order clerk, and final assembler.  (AR 23-24.)

21    This Court's review of the ALJ's decision is limited to whether the decision is in

22 accordance with the law and the findings supported by substantial evidence in the record as a

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -3

01  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

02  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

03  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

04  F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

05  supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

06  F.3d 947, 954 (9th Cir. 2002).

07       Plaintiff argues the ALJ erred in (1) assessing the opinion of treating physician

08  Deborah Oksenberg, M.D.; (2) failing to develop the record; and (3) failing to address or

09  account for Plaintiff's headaches anywhere in the decision.  The Commissioner argues that

10  the ALJ's decision is supported by substantial evidence and should be affirmed.

11                                   Medical evidence

12       Dr. Oksenberg completed a form opinion in July 2018, describing Plaintiff's

13  symptoms and limitations.  (AR 860-64.)  Specifically, Dr. Oksenberg opined that Plaintiff

14  was unable to perform even sedentary work due to his shoulder, back, and knee conditions.

15  (AR 863-64.)

16       The ALJ's discussion of Dr. Oksenberg's opinion contains a significant typographical

17  error that renders the Court unable to determine with certainty the grounds on which the ALJ

18  assigned little weight to the opinion.  The ALJ starts to explain why he found Dr. Oksenberg's

19  opinion to be inconsistent with something, but a new sentence is inserted mid-sentence that

20  pertains to another doctor's opinion.[2]  (AR 21.)  The ALJ goes on to mention that Dr.

21  _____

22       [2] Interestingly, the ALJ made the identical typographical error in the preceding paragraph
     discussing the opinion of Joseph Sever, M.D.  (AR 21.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -4

01 Oksenberg described other shoulder limitations in September 2018, but the ALJ does not

02 return to finish the findings regarding the July 2018 opinion.  (AR 21.)

03        The Commissioner does not address the typographical error in the ALJ's discussion of

04 Dr. Oksenberg's opinion, and instead states that the ALJ found Dr. Oksenberg's opinion to be

05 inconsistent with "the record showing minimal treatment and greater functional ability."  Dkt.

06 27 at 10 (citing AR 21).  The ALJ did not find Dr. Oksenberg's opinion to be inconsistent

07 with anything in particular, however; the ALJ found the *State agency opinion* to be consistent

08 with the treatment notes showing minimal examination findings and no observations of

09 Plaintiff in distress or discomfort.  (AR 21.)

10        Even if ALJ's decision could be plausibly read to find Dr. Oksenberg's opinion

11 inconsistent with the treatment record, the ALJ did not identify any particular inconsistencies

12 between the record and the opinion.  Moreover, the ALJ's summary of the medical record

13 focuses on normal findings, without acknowledging the extent of abnormal findings.  (*See,*

14 *e.g.*, AR 19 (the ALJ's list of many normal findings).)  For example, Dr. Oksenberg attributed

15 Plaintiff's most significant limitations to a tendon tear in his right shoulder, but the ALJ does

16 not address the objective evidence establishing the existence of this tear and the limitations it

17 caused.  (AR 894, 918-1055.)  The ALJ mentions a hand therapist's finding of full range of

18 motion and strength (AR 15), but does not acknowledge that these findings pertained to

19 Plaintiff's hands, wrists, forearms and fingers, rather than his shoulder, and thus do not

20 necessarily undermine Plaintiff's allegations of problems with his right shoulder.  (AR 1059-

21 60.)  Evidence submitted to the Appeals Council shows that Plaintiff eventually underwent

22 surgery on his right shoulder, one day before the ALJ's decision was issued, which also lends

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -5

01     credence to Plaintiff's allegation of shoulder problems.  (AR 161-63.)  Because it appears that

02     the ALJ selectively summarized the treatment record in the decision, the Court finds that the

03     ALJ's findings pertaining to the treatment record do not constitute a legitimate reason to

04     discount Dr. Oksenberg's opinion, to the extent the ALJ intended to refer to the treatment

05     record as a reason to discount the opinion.

06         On remand, the ALJ should reconsider Dr. Oksenberg's opinion, correct the

07     typographical errors in the assessment of her opinion and Dr. Sever's opinion, and reconsider

08     the updated medical record as a whole.

09                             <u>Other issues</u>

10         Plaintiff was unrepresented at the administrative hearing, and argues that he did not

11     have a full opportunity to explain his limitations because he felt rushed through the hearing.

12     Dkt. 23 at 15-17.  He also claims that the ALJ did not fully address his alleged headaches in

13     the decision.  Dkt. 23 at 17-18.

14         Because this case must be remanded for further administrative proceedings as

15     explained *supra*, Plaintiff will have another opportunity to testify and can inform the ALJ

16     about his headaches and any other conditions or symptoms in more detail on remand.

17                           **<u>CONCLUSION</u>**

18         For the reasons set forth above, this matter is REVERSED and REMANDED for

19     further administrative proceedings.  On remand, the ALJ shall reconsider the updated medical

20     record, reconsider Dr. Oksenberg's opinion, correct the typographical errors in the discussion

21     of the opinions of Drs. Oksenberg and Sever, and provide another opportunity for Plaintiff to

22     testify about his symptoms and limitations.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -6

01          DATED this 1st day of April, 2021.

02

03                                                    _____
                                                      Mary Alice Theiler
04                                                    United States Magistrate Judge

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -7